# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHRISTOPHER THIEME,** | Civil Action No. 19-15507 (SDW) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

IT APPEARING THAT:

1. On December 22, 2016, this Court entered an amended judgment of conviction sentencing Petitioner, Christopher Thieme to 210 months imprisonment. (Docket No. 16-294 at ECF No. 17). Petitioner did not appeal.

2. Two and a half years later, on or about June 14, 2019, Petitioner filed a motion purporting to seek relief either under § 2255 or the writ of audita querela. (Docket No. 16-294 at ECF No. 18).

3. On June 27, 2019, this Court entered an order finding that Petitioner's criminal motion could only proceed as a motion to vacate sentence under 28 U.S.C. § 2255, and providing Petitioner with the notice required by *Castro v. United States*, 540 U.S. 375 (2003). (Docket No. 16-294 at ECF No. 19). Petitioner thereafter filed a response to that order, electing to have his previous motion recharacterized as a § 2255 motion and to proceed on that motion. (Docket No. 16-294 at ECF No. 20).

4. The Clerk of the Court therefore refiled Petitioner's response and his prior motion as his motion to vacate sentence in this matter. (ECF No. 1). Because Petitioner did not use the form required for such motions filed by pro se petitioners, this Court thereafter administratively

1

terminated this matter until such time as Petitioner refiled his motion using the required form. (ECF No. 2).

5. On August 21, 2019, Petitioner refiled his motion on the required form. (ECF No. 4).

6. On September 3, 2019, this Court entered an order screening Petitioner's motion to vacate sentence and entered an order directing Petitioner to show cause why his motion should not be dismissed as untimely filed. In that order, this Court found Petitioner's motion untimely absent some basis for tolling, explaining as follows:

> Motions to vacate sentence are subject to a one year statute of limitations which runs from the latest of several possible dates: the date on which the petitioner's conviction becomes final, the date on which an impediment to making his motion is removed, the date on which the Supreme Court first recognizes the claims raised where a claim is based on a newly recognized right made retroactive to cases on collateral review, or the date on which the facts supporting the claim first could have been discovered through due diligence. 28 U.S.C. § 2255(f)(1)-(4). "In most cases, the operative date from which the limitation period is measured will be . . . the date on which the judgment of conviction becomes final." *Dodd v. United States*, 545 U.S. 353, 357 (2005) (internal quotations omitted). Where a petitioner fails to file a direct appeal, his conviction is considered final, when the time for the filing of an appeal has run. *See Kapral v. United States*, 166 F. 3d 565, 577 (3d Cir. 1999).
>
> In this matter, Petitioner's amended judgment of conviction was entered on December 22, 2016. Docket No. 16-294 at ECF No. 17). Petitioner did not file an appeal, and his conviction therefore became final fourteen days later on January 5, 2017. *Kapral*, 166 F.3d at 577, Fed. R. App. P. 4(b)(1)(A)(i). Thus, absent some basis for a start date other than the finality of his conviction or some basis for equitable tolling, Petitioner's one year limitations period had elapsed as of January 5, 2018, well over a year before he filed his initial audita querela petition which became the basis for his current motion to vacate sentence in June 2019. (Docket No. 16-294 at ECF No. 18).
>
> In his habeas petition, Petitioner only argues one basis for an alternative start date for the limitations period. Specifically, he argues that the Supreme Court's decision in *Rosales-Mireles v. United States*, --- U.S. ---, 138 S. Ct. 1897 (2018), announced a new

2

rule of law on which his claims rely which should be made retroactive to collateral relief cases. Pursuant to 28 U.S.C. § 2255(f)(3), the one year limitations period will run from "the date on which the right asserted was initially recognized by the Supreme Court" in those cases where "that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." A petitioner seeking to take advantage of this later start date must show that his claim relies on a rule of law "newly recognized" by the Supreme Court, and that that newly recognized right has been made retroactive to cases on collateral review. *Dodd*, 545 U.S. at 358.

The underlying problem with Petitioner's assertion that his claim relies on *Rosales-Mireles* is that, even if this Court were to assume that the case announced a new rule of law recognizing a new right[,] his argument in no way relies on the issue discussed in *Rosales-Mireles*. In *Rosales-Mireles*, the Supreme Court resolved a circuit split over the interpretation of Federal Rule of Criminal Procedure 52(b). 138 S. Ct. at 1906. Specifically, the Court resolved a split over whether and when a court of appeals should grant relief on a claim of plain guidelines error on direct appeal under the rule. *Id.* at 1906-1911. Thus, that case dealt with the proper use of discretion by a direct appellate court in determining when a remand for a resentencing is warranted based on plain guidelines error. Petitioner does not claim that the Court of Appeals committed any error in applying Rule 52(b) – he cannot make such a claim as he never filed a direct appeal. *Rosales-Mirales* is thus not the basis for his claims, and cannot provide him a later start date of the limitations period. Thus, absent some basis for tolling, Petitioner's current motion to vacate sentence remains time barred by well over a year.

Although the § 2255 limitations period is subject to equitable tolling where the facts of the matter so warrant, such tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). Tolling therefore only applies where a petitioner shows "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *Johnson*, 590 F. App'x at 179 (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Excusable neglect is insufficient to establish a basis for equitable tolling. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).

> Petitioner does not present any basis for equitable tolling in his motion, and this Court is aware of no such basis from the facts presented. Because Petitioner did not address the equitable tolling issue in his motion, however, this Court will permit Plaintiff one opportunity to show why his motion to vacate sentence should not be dismissed as time barred.

(ECF No. 5 at 2-4).

7. Following an extension, Petitioner thereafter filed a response to the Order (ECF No. 8), as well as a motion seeking a declaratory judgment (ECF No. 10), and several motions seeking to amend and supplement his motion to vacate sentence. (ECF Nos. 13-15). As this Court has considered Petitioner's amendments and supplements in deciding this matter, Petitioner's motions to amend and supplement his motion to vacate sentence (ECF Nos. 13-15) are granted only to the extent that Petitioner requests consideration of his arguments.[1] As this Court will dismiss Petitioner's motion to vacate sentence as time barred for the reasons set forth below, Petitioner's motion seeking a declaratory judgment (ECF No. 10), which essentially sought a declaration that he is entitled to relief, shall also be denied as moot in light of the dismissal of his motion to vacate sentence.

8. In his post-Order to Show Cause briefing, Petitioner presents five claims – three in which he challenges various issues with his sentence and restitution order, a claim in which he argues his counsel was ineffective in failing to raise these arguments, and a new claim in which he asserts that one of the statutes out of which his conviction arises – 18 U.S.C. § 1958, which criminalizes the use of interstate commerce in the commission of murder for hire – is constitutionally void for vagueness. All of these claims were raised long after the one year statute

---

[1] To the extent that Petitioner seeks to file a preemptive Rule 60(b) motion challenging a decision this Court has not yet issued dismissing his petition as time barred (*see* ECF No. 12) that motion is denied. A Rule 60(b) motion may only be filed to challenge an order or judgment issued by the Court, it may not be used to attack a decision that has not yet been issued.

of limitations had run in this matter, and Petitioner's claims would therefore be time barred unless he can show a basis for equitable tolling, or a statutory basis for a later start date for the one year statute of limitations.

9. Petitioner presents three arguments for why his claims should not be time barred – a repetition of his already rejected argument that *Rosales-Mireles* should provide a later start date; an argument in which he asserts that his new void for vagueness claim should have a later start date as he believes that claim arises out of the Supreme Court's decision in *United States v. Davis*, --- U.S. ---, 139 S. Ct. 2319 (2019), or should otherwise be permitted to proceed as he believes he's actual innocent because of his vagueness challenge; an argument in which he asserts that his ineffective assistance of counsel claim arises out of *Garza v. Idaho*, --- U.S. ---, 139 S. Ct. 738, 746 (2019), and should therefore be timely as such; and a general claim in which he asserts that he should receive equitable tolling because he believes his plea agreement is unconstitutional and otherwise led to a miscarriage of justice.

10. Initially, the Court notes that Petitioner's *Rosales-Mireles* argument remains meritless for the reasons expressed in the Court's Order to Show Cause. *Rosales-Mireles* did not recognize the right that Petitioner seeks to vindicate – it instead merely resolved a circuit split regarding appellate procedure – and thus provides no basis for a later start date for the statute of limitations for Petitioner's claims.

11. Petitioner's reliance on *Garza* is similarly misplaced. To the extent that Petitioner intended to raise a claim that counsel proved ineffective in not filing a direct appeal on his behalf,[2]

---

[2] Although Petitioner asserts in his response to the OTSC that he wished to raise such a claim under *Garza*, he never sought to raise such a claim in his various amendments, and mentions *Garza* only tangentially in his motion to vacate sentence. For the sake of this opinion, however, this Court assumes Petitioner desired to raise such a claim as part of his ineffective assistance of counsel ground for relief.

*Garza* does not provide a later start date for the statute of limitations. In order to provide a later start date, *Garza* would have had to newly recognize the right at issue, and that right would have had to have been made retroactive to cases on collateral review. *Dodd*, 545 U.S. at 358. As to the first question, the Supreme Court in *Garza* did not recognize a new right – the Court by its own logic was merely applying the rule announced in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), to those circumstances where there was an applicable appellate waiver. *Garza*, 139 S. Ct. at 745-48 ("reaffirm[ing]" the applicability of *Flores-Ortega* notwithstanding an appellate waiver). Even assuming *arguendo* that *Garza* had announced a new rule of constitutional law, a finding this Court does not make, Petitioner would still not be entitled to a later start date because he cannot meet the final requirement – that *Garza* has been made retroactive to cases on collateral review. *Garza* did not on its face state or imply that it should be applied retroactively, nor has either the Supreme Court or Third Circuit rendered the case retroactive to collateral review cases. Indeed, the few district courts of which this Court is aware to have addressed the question have found to the contrary. *See, e.g., United States v. Price*, No. 08-312, 2020 WL 516357, at *3 n. 1 (W.D. Pa. Jan. 23, 2020) (noting *Garza* has not been made retroactive); *United States v. McGee*, No. 16-95, 2019 WL 4248887, at *2 (E.D. Ky. Sept. 6, 2019) (*Garza* did not announce new rule and has not been made retroactive and does not provide later date for § 2255(f) statute of limitations); *United States v. Gibson*, Nos. 16-746, 19-420, 2019 WL 5213838, at *3 (D. Haw. Oct. 16, 2019) (same); *Macklin v. Dowling*, No. 19-375, 2019 WL 4727070, at * (W.D. Ok. Aug. 30, 2019) (same). As *Garza* neither announced a new rule of law on which Petitioner relies, nor has been made retroactive to cases on collateral review, *Garza* does not provide Petitioner with a later start date for his statute of limitations. *Dodd*, 545 U.S. at 358.

12. Petitioner's reliance on *Davis* is also misplaced. *Davis* did not invent the void for vagueness concept, nor did it apply it to the statute Petitioner wishes to challenge. *See Davis*, 139 S. Ct. at 2325, 2327-33 (collecting cases dating back to the late 19th century applying the void for vagueness doctrine to various statutes and applying that rule only to 18 U.S.C. § 924(c)). Petitioner's void for vagueness claim therefore does not arise out of any newly recognized right created by *Davis*, and *Davis* therefore cannot provide Petitioner with a later start date for the running of his limitations period.

13. Likewise, Petitioner's claim that he is actually innocent is without merit. Although actual innocence can serve as a gateway to pierce the § 2255(f) statute of limitations, *see McQuiggan v. Perkins*, 569 U.S. 383, 391-99 (2013), Petitioner is not actually innocent of using the means of interstate commerce to pursue a murder for hire in violation of 18 U.S.C. § 1958(a). Petitioner bases his claim of innocence on the idea that § 1958(a) is "void for vagueness" because certain prisoners have received multiple charges under the statute arising out of a single plot to commit murder for hire which was enacted through multiple uses of the means of interstate commerce, a practice the First Circuit disclaimed in *United States v. Gordon*, 875 F.3d 26, 31-37 (1st Cir. 2017). Contrary to Petitioner's assertion, however, *Gordon* did not argue that this practice rendered the statute void for vagueness, instead the First Circuit merely ruled that a defendant can receive only one conviction arising out of the statute for each plot to commit murder for hire in which he engaged, regardless of the number of phone calls, mailings, or use of interstate commerce that plot involved. *Id.* at 38. Petitioner's guilty plea suffers from no such issue. Nothing Petitioner has submitted nor which was discussed in *Gordon* in any way indicates that the elements of the crime contained in § 1958(a) are vague. As the statute is clear about what conduct is prohibited – the use of the means of interstate commerce to offer "anything of pecuniary value" to another with

the intent that a murder be committed in violation of state and federal law – and as the statute is not otherwise subject to the arbitrariness concerns that otherwise animate the void for vagueness doctrine, Petitioner has not shown that the statute is unconstitutionally vague, and has thus not in any way shown his "actual innocence." He is therefore still fully subject to the one year limitations period in this matter.

14. Finally, this Court has considered all of the arguments presented by Petitioner and finds that he has failed to show any basis for equitable tolling as he has neither shown that he was diligent nor that he was prevented from earlier raising his claims due to an extraordinary circumstance. *Johnson*, 590 F. App'x at 179. Petitioner delayed two and a half years before seeking to raise his challenges, and has failed to present any persuasive argument as to why he could not have raised his claims sooner. That Petitioner agreed to a plea agreement that he now dislikes is no extraordinary circumstance, and Petitioner may not evade the § 2255 time bar based on his distaste for his earlier decisions. As this Court perceives no valid basis for equitable tolling and as Petitioner has failed to show any legal basis for a later start date for his statute of limitations in his various filings, Petitioner's motion to vacate sentence (ECF No. 4) is dismissed with prejudice as time barred.

15. Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas [matter] on procedural grounds without reaching the prisoner's underlying constitutional claim, a

[Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the [Petitioner's § 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As jurists of reason would not debate that Petitioner's motion to vacate is clearly time barred, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and he is therefore denied a certificate of appealability.

16. In conclusion, Petitioner's motions to amend (ECF Nos. 12-15) are granted only to the extent that this Court has considered Petitioner's filings in this decision, Petitioner's first motion to amend (ECF No. 12) is DENIED to the extent Petitioner sought to file a pre-emptive motion pursuant to Rule 60(b), Petitioner's motion to vacate sentence (ECF No. 4) is DISMISSED WITH PREJUDICE as time barred, Petitioner is DENIED a certificate of appealability, and Petitioner's motion seeking a declaratory judgment (ECF No. 10) is DENIED as moot in light of the dismissal of his motion to vacate sentence. An appropriate order follows.

Dated: March 24, 2020    *s/ Susan D. Wigenton*
　　　　　　　　　　　　Hon. Susan D. Wigenton,
　　　　　　　　　　　　United States District Judge