**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**CHRISTOPHER THIEME,**                             Civil Action No. 19-15507 (SDW)

   **Petitioner,**

  **v.**                                   **MEMORANDUM OPINION**

**UNITED STATES OF AMERICA,**

   **Respondent.**

IT APPEARING THAT:

1. On December 22, 2016, this Court entered an amended judgment of conviction sentencing Petitioner Christopher Thieme to 210 months imprisonment. (Docket No. 16-294 at ECF No. 17). Petitioner did not appeal.

2. Two and a half years later, on or about June 14, 2019, Petitioner filed a motion purporting to seek relief either under 28 U.S.C. § 2255 or the writ of audita querela. (Docket No. 16-294 at ECF No. 18).

3. On June 27, 2019, this Court entered an order finding that Petitioner's criminal motion could only proceed as a motion to vacate sentence under § 2255, and providing Petitioner with the notice required by *Castro v. United States*, 540 U.S. 375 (2003). (Docket No. 16-294 at ECF No. 19). Petitioner thereafter filed a response to that order, electing to have his previous motion recharacterized as a § 2255 motion and to proceed on that motion. (Docket No. 16-294 at ECF No. 20).

4. On September 3, 2019, this Court entered an order screening Petitioner's motion to vacate sentence and entered an order directing Petitioner to show cause why his motion should not be dismissed as untimely filed. (ECF No. 5).

1

8.  In response to the Order to Show Case, Petitioner argued in relevant part that he should receive equitable tolling because he believed his plea agreement was unconstitutional and otherwise led to a miscarriage of justice.  (ECF No. 8 at 10-13).

10.  This Court dismissed the § 2255 motion as untimely on March 24, 2020.  (ECF No. 17).

11.  The United States Court of Appeals for the Third Circuit denied a certificate of appealability.  *Thieme v. United States*, No. 20-1839, 2020 WL 6707326, at *1 (3d Cir. July 29, 2020).  Thereafter, Petitioner filed a petition for writ of certiorari.  The Supreme Court denied the petition.  *Thieme v. United States*, 141 S. Ct. 863 (2020).

12.  Petitioner filed a motion for relief from judgment pursuant to Federal Rules of Civil Procedure 60(b) and 60(d) on July 19, 2024.  (ECF No. 23).  Petitioner specifically relies on Rules 60(b)(6) and 60(d)(3).  (*Id.* at 1).

13.  Rule 60(b)(6) allows a district court to relieve a party from a final judgment or order for "any … reason that justifies relief."  "[A] Rule 60(b) motion may not be used as a substitute for an appeal, and that legal error, without more does not warrant relief under that provision … ."  *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) (internal quotation marks omitted).  The Supreme Court has noted that "our cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment.  Such circumstances will rarely occur in the habeas context."  *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

14.  Pursuant to Rule 60(d)(3), "[a] court may set aside a judgment based upon its finding of fraud on the court when an officer of the court has engaged in 'egregious misconduct.'"  *In re Bressman*, 874 F.3d 142, 150 (3d Cir. 2017) (quoting *Herring v. United States*, 424 F.3d 384, 390

(3d Cir. 2005)). Bribery or fabrication of evidence are examples of egregious misconduct. *Harris v. Lesko*, No. 24-2604, 2025 WL 88835, at *2 (3d Cir. Jan. 14, 2025).

15. Courts "employ a demanding standard for independent actions alleging fraud upon the court requiring: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court." *Herring*, 424 F.3d at 390. A party alleging fraud upon the court must support their motion with "clear, unequivocal and convincing evidence." *Id.* at 387 (internal quotation marks omitted).

16. Plaintiff's motion must be denied because it fails to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its order, or an error of fact or law that, if left uncorrected, would result in manifest injustice. Moreover, Plaintiff has failed to carry his burden of establishing that he is entitled to relief under Rule 60(b)(6) or Rule 60(d)(3). An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: January 29, 2025

3